IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| CHRISTIAN P. FANNON, | : | Case No. 3:13-cv-14 |
| Plaintiff, | : | Magistrate Judge Michael J. Newman (Consent Case) |
| vs. | : | |
| DON PATTERSON, *et al.*, | : | |
| Defendants. | : | |

**ORDER**

This is a *pro se* 42 U.S.C. § 1983 action against the Mayor of the City of Kettering and three City of Kettering police officers. This matter is now before the Court upon Defendants' joint motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) (doc. 16); Plaintiff's memorandum in opposition (doc. 19); and Defendants' reply memorandum (doc. 21). Additionally, Plaintiff moves the Court to appoint him counsel and to stay the proceedings, *see* doc. 20, and Defendants filed a memorandum in opposition to both requests, *see* doc. 22.

**I.**

In the motion for judgment on the pleadings, Defendants argue, with respect to several claims, that Plaintiff's complaint is vague and contains insufficient factual allegations. *See* doc. 16. For example, Defendants assert Plaintiff has failed to allege adequate facts of an unconstitutional governmental policy or custom to support a § 1983 claim against Defendants in their official capacities. *See id.* at PageID 122-23; *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-94 (1978). Similarly, Defendants argue that Plaintiff makes only "vague allegations against Mayor Patterson in his individual capacity." Doc. 16 at PageID 114.

Likewise, with respect to Plaintiff's First Amendment retaliation claim, Defendants argue "the protected conduct at issue remains unclear." *Id.* at PageID 117. Furthermore, Defendants contend that Plaintiff fails to provide the necessary degree of specificity to properly allege a § 1983 conspiracy claim. *See id.* at PageID 118-19; *see also Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987).

The Court has carefully reviewed Plaintiff's complaint (doc. 5), and agrees that some of his claims may not contain sufficient facts to satisfy Fed. R. Civ. P. 8(a). It is well established that "more than bare assertions of legal conclusions [are] ordinarily required to satisfy federal notice pleading requirements." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In light of the foregoing, and recognizing that Plaintiff is proceeding *pro se*, the Court *sua sponte* **AFFORDS** him sixty (60) days -- until **November 12, 2013** -- to file an amended complaint stating adequate facts to satisfy Rule 8(a). Further, Plaintiff shall carefully review Defendants' motion for judgment on the pleadings (doc. 16), and cure any and all deficiencies discussed therein. To that end, this Order constitutes an Order to Show Cause. In the event Plaintiff does not comply with this Order, Plaintiff is **ADVISED** that his claims may be dismissed for failure to satisfy Rule 8(a). At this time, Defendants' motion (doc. 16) is **DENIED WITHOUT PREJUDICE TO REFILE**.

## II.

Plaintiff's motion for appointment of counsel, *see* doc. 20, is **DENIED**. The appointment of counsel in a civil proceeding is not a constitutional right, but is "a privilege justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). Plaintiff has failed to demonstrate that this is such an exceptional case warranting the appointment of counsel.

## III.

Plaintiff's motion to stay these proceedings, *see* doc. 20, is likewise **DENIED**. It appears that Plaintiff may be requesting a stay in order to obtain counsel. *See id.* at PageID 159. The Court notes that the sixty-day period referenced above is intentionally longer than usual to account for the fact that Plaintiff is incarcerated, and it might take him additional time to seek counsel and/or amend his complaint.[1]

**IT IS SO ORDERED.**

September 13, 2013                                             s/ **Michael J. Newman**
                                                                United States Magistrate Judge

---

[1] Further, to the extent Plaintiff seeks to stay this case in order to file a motion to withdraw his guilty plea in the Kettering Municipal Court, his motion is also unavailing. *See id.* at PageID 157. The City of Kettering Municipal Court's public records show that in one of the Municipal Court cases underlying this lawsuit -- Case Number 11TRD00 591 -- Plaintiff's written request to withdraw his guilty plea on December 7, 2012 was denied. Additionally, the docket of that case shows that Plaintiff filed a motion to vacate or set aside his judgment and conviction on August 12, 2013, and that motion was also denied.