IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CHRISTIAN P. FANNON,

        Plaintiff,                                  Case No.: 3:13-cv-14

vs.

DON PATTERSON, *et al.*,                Magistrate Judge Michael J. Newman
                                                      (Consent case)

        Defendants.

## **ORDER**

Now before the Court is *pro se* Plaintiff's Fed. R. Civ. P. 12(f) motion to strike. Doc. 34. Liberally construed, Plaintiff seeks to strike Defendants' motion to dismiss (doc. 30) and/or Defendants' reply memorandum filed in support thereof (doc. 33).

Fed. R. Civ. P. 12(f) provides that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A Rule 12(f) motion to strike must be filed "either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading."[1] *Id.*

The motions filings Plaintiff seeks to strike are not "pleadings" as defined in Fed. R. Civ. P. 7(a); therefore, Fed. R. Civ. P. 12(f) is inapplicable in this instance. *See Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 375 (6th Cir. 2006) ("Under Fed. R. Civ. P. 12(f), a court may strike only material that is contained in the pleadings"); *Zep Inc. v. Midwest Motor Supply Co.*,

---

[1] The Court notes that *pro se* Plaintiff's motion is untimely under either standard. First, Plaintiff filed a memorandum in opposition to the dismissal motion (*i.e.,* he responded to it) prior to moving to strike. Second, Plaintiff's motion to strike was filed on December 30, 2013, *i.e.,* fifty-six days after Defendants filed their motion on November 4, 2013. *See* docs. 32, 34. Assuming, *arguendo,* that the motion to strike was properly filed pursuant to Rule 12(f), the motion thus merits denial on timeliness grounds.

726 F. Supp. 2d 818, 822 (S.D. Ohio 2010) ("The Federal Rules of Civil Procedure do not provide for a motion to strike documents or portions of documents other than pleadings"); *see also Branch Banking & Trust Co. v. Fidelity Nat'l Title Ins. Co.,* No. 3:11-00301, 2013 WL 6844653, at *5 (M.D.Tenn. Dec. 30, 2013). Courts instead may utilize their inherent docket management authority to strike filings and other documents, such as those at issue here. *Zep Inc.*, 726 F. Supp. 2d at 822 (citing *Anthony v. BTR Auto. Sealing Sys.*, 339 F.3d 506, 516 (6th Cir. 2003)). An Order to Strike is a "drastic remedy," however, that "should be sparingly used." *Edwards v. Warner-Lambert*, No. 2:05-cv-657, 2011 WL 5914008, at *4 (S.D. Ohio Nov. 28, 2011) (quoting *Mapp v. Bd. of Educ.*, 319 F.2d 571, 576 (6th Cir. 1963)). To that end, motions to strike are "generally disfavored." *Branch Banking & Trust Co.,* 2013 WL 6844653, at *5.

*Pro se* Plaintiff makes two arguments in support of his motion to strike: (1) Defendants' dismissal motion and reply contain unspecified assertions that allegedly contradict those in Defendants' prior filings; and (2) the dismissal motion was untimely filed. Doc. 34 at PageID 256-57.

The Court, despite its best efforts, is unable to locate the purportedly contradictory assertions that Plaintiff relies upon. *Id.* at PageID 256. Assuming, *arguendo,* that Plaintiff is correct, the Court seriously questions whether such contradictions would warrant granting the drastic relief Plaintiff seeks.

Plaintiff's other contention -- that Defendants' motion to dismiss his amended complaint is untimely -- is without support. In a prior Order, the Court carefully reviewed the dates here at issue and, in the interest of justice, clarified that Defendants had until November 4, 2013 in which to respond to Plaintiff's amended complaint. *See* doc. 29 at PageID 219. Defendants' motion to dismiss was filed on that date, and is thus deemed timely filed. *See* doc. 30.

-3-

Finally, the Court is unable to identify any other basis that would justify exercising the "drastic remedy" of an Order to Strike. Accordingly, Plaintiff's motion is **DENIED**.

**IT IS SO ORDERED.**

January 8, 2014 s/ **Michael J. Newman**
United States Magistrate Judge