UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| CHRISTIAN P. FANNON, | Case No. 3:13-cv-14 |
| Plaintiff, | |
| vs. | Magistrate Judge Michael J. Newman |
| | (Consent Case) |
| DON PATTERSON, *et al.*, | |
| Defendants. | |

**DECISION AND ENTRY: (1) GRANTING DEFENDANTS' MOTION TO DISMISS (DOC. 30); AND (2) *SUA SPONTE* GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT**

This civil consent case is before the Court on the motion to dismiss filed by Defendants Don Patterson, the Mayor of Kettering, Ohio; and Kettering Police Officers Ben Charles, Doug Kowalski and L. Sanders.[1]  Doc. 30.  Plaintiff Christian Fannon ("Fannon"), proceeding *pro se*, filed a memorandum in opposition to Defendants' motion.  Doc. 32.  Defendants filed a reply memorandum.  Doc. 33.  The Court has carefully considered each of these documents, and Defendants' motion to dismiss is now ripe for decision.

**I.**

The factual underpinnings of Fannon's *pro se* amended complaint begin with an incident occurring on July 30, 2008 when Kettering Police Detective Douglas Kowalski "used force to restrain [Fannon] who had slipped a handcuff" during an arrest.  Doc. 28-2 at PageID 207; Doc. 28 at PageID 194.  Fannon alleges that the force used against him included being "tasered, choked, punched and held . . . at gun point at [his] family residence in front of his parents."  Doc. 28 at PageID 193.

---

[1] Fannon identifies Defendant Sanders by first initial only.

Following the July 30, 2008 arrest, Fannon's "parents . . . filed a complaint against the Kettering Mayor and Detective Kowalksi" complaining that Detective Kowalski's "actions . . . were not within the policy and procedures of the Kettering Police Department." Doc. 28 at PageID 193. An internal investigation revealed that Detective Kowalski failed to document the use of force against Fannon in his arrest report and, therefore, was reprimanded for his failure to follow Kettering Police Department rules requiring submission of truthful and complete reports. Doc. 28-2 at PageID 207. Fannon contends that, as a result of the 2008 complaint initiated by his parents and the subsequent reprimand issued to Kowalski, Kowalski, Charles and Sanders all harbored animus against him leading to the issuance of a citation for traffic offenses nearly three years later, on January 16, 2011. Doc. 28 at PageID 192-94.

With regard to the traffic offenses, Fannon alleges that he was a passenger in a vehicle driven by his friend Aaron Ames, doc. 28 at PageID 193,[2] when Charles stopped the vehicle for speeding. Doc. 28-4 at PageID 210. According to Fannon, Charles issued Ames a citation for speeding and driving under suspension. While -- as alleged by Fannon -- the citation was issued as a result of Ames's driving offenses, the traffic citation contained Fannon's name as the offender, along with his address and Social Security number. *Id*. The citation, however, included Ames's date of birth, not Fannon's. *Id*.

The traffic citation required Fannon's appearance at the Kettering Municipal Court on January 24, 2011. *Id*. Fannon did not appear for the hearing and a bench warrant was issued for his arrest. Doc. 28 at PageID 195. On February 4, 2011, Sanders -- based upon the information on the face of the warrant -- went to Fannon's residence and eventually forcefully placed him in

---

[2] While Defendants contend that Fannon was the driver of the vehicle, they acknowledge that, for purposes of their motion to dismiss, Fannon's allegations must be accepted as true. Doc. 30 at PageID 222. Certainly, for purposes of this motion to dismiss, the Court must: (1) view the amended complaint in the light most favorable to Fannon, and (2) take all well-pleaded factual allegations as true. *Tackett v. M&G Polymers*, 561 F.3d 478, 488 (6th Cir. 2009).

2

custody after Fannon "refused to be arrested." Doc. 28 at PageID 195-96. As a result of Fannon's admitted refusal to be arrested, he was charged with obstructing official business (a first degree misdemeanor in violation of Ohio Rev. Code § 2921.31) and resisting arrest (a second degree misdemeanor in violation of Ohio Rev. Code § 2921.33). *Id*.; Doc. 28-6 at PageID 213; Doc. 28-7 at PageID 214.

With regard to the traffic offenses, Fannon subsequently entered a guilty plea in the Kettering Municipal Court to a reduced charge of driving without an operator's license. Doc. 28 at PageID 196; Doc. 28-5 at PageID 211-12.[3] With regard to the offenses arising from the arrest on February 4, 2011, Fannon entered a guilty plea to obstruction. Doc. 28 at PageID 196. On the same date Fannon entered a guilty plea to the obstruction charge, the resisting arrest charge was dismissed at the request of the prosecutor. Doc. 30-1 at PageID 240.[4]

Plaintiff now brings this action pursuant to 42 U.S.C. § 1983 against Kowalski, Charles and Sanders to recover for alleged violations of his constitutional rights. *See generally* doc. 28. Plaintiff also names Kettering Mayor Don Patterson as a defendant, purportedly on the basis that

---

[3] As noted by the Ohio Second District Court of Appeals, "Fannon initially pled not guilty to all the traffic charges[,]" but "as part of a subsequent plea agreement, [he] agreed to plead guilty to a reduced charge of operating a vehicle without a valid license . . . [and] [i]n exchange for his guilty plea, the original charges were dismissed." *State v. Fannon*, No. 25957, 2014 WL 2810853, at *1 (Ohio Ct. App. June 20, 2014). Ultimately, "Fannon entered his guilty plea on March 2, 2011, and was thereafter sentenced to pay a $200 fine and court costs." *Id*. Subsequently, Fannon sought to withdraw his guilty plea "claiming that he was erroneously convicted of the traffic offense because the citing officer mistakenly identified him as the driver of the vehicle." *Id*. Notably, ***"Fannon did not claim that he was unaware of the errors in the citation prior to pleading guilty."*** *Id*. (emphasis added). The Court denied Fannon's motion to withdraw his plea and he "did not appeal from the trial court's decision." *Id*. Fannon subsequently moved again to withdraw his guilty plea -- and to vacate or set aside his conviction -- which the Municipal Court denied. *Id*. The Municipal Court's decision was affirmed on appeal. *Id*. at *2-5.

[4] The Court also takes judicial notice of the Kettering Municipal Court's docket evidencing Fannon's guilty plea to the obstruction charge, his subsequent conviction on that offense, and the prosecutor's dismissal of the resisting arrest charge at the time of Fannon's guilty plea. *See Amini v. Oberlin Coll*., 259 F.3d 493, 502 (6th Cir. 2001) (citation omitted) (stating that, in addition to well-pleaded allegations in the complaint, the Court may also consider "matters of public record").

Mayor Patterson failed to effectively train and/or supervise Kowalski, Charles and Sanders. Doc. 28 at PageID 198.

## II.

A motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Twombly*, 550 U.S. at 555). In determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. In addition to well-pleaded allegations in the complaint, the Court may also consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[.]" *Amini*, 259 F.3d at 502 (citation omitted).

A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer

possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)).

While *pro se* parties must satisfy basic pleading requirements, *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989), their pleadings must be liberally construed and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). Nevertheless, "even a *pro se* complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ogle v. Columbia Gas Transmission, LLC*, 513 F. App'x 520, 522 (6th Cir. 2013) (citing *Iqbal*, 556 U.S. at 678).

### III.

A liberal construction of Fannon's amended complaint reveals he seeks relief under 42 U.S.C. § 1983[5] for the following alleged constitutional violations: (A) malicious prosecution, false arrest and false imprisonment in violation of the Fourth Amendment; (B) retaliation in violation of the First Amendment; (C) cruel and unusual punishment in violation of the Fourteenth Amendment; and (D) civil conspiracy. Fannon also seeks to hold Defendants liable for alleged constitutional violations supposedly committed in their official capacity. Finally, the Court construes Fannon's allegations as asserting numerous state law claims including, *inter alia*, intentional infliction of emotional distress.

---

[5] "To prevail on a § 1983 claim, a plaintiff must establish that a person acting under color of state law deprived the plaintiff of a right secured by the Constitution or laws of the United States." *Green v. Throckmorton*, 681 F.3d 853, 859-60 (6th Cir. 2012) (citation omitted). "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken '"under color of" state law." *Rowe v. State of Tenn.*, 609 F.2d 259, 262 (6th Cir. 1979).

5

### A.

Fannon first purports to assert claims of malicious prosecution, false arrest and false imprisonment, which are cognizable constitutional claims under § 1983. Courts recognize the existence of a these claims as arising from a violation of the Fourth Amendment. *Thacker v. City of Columbus*, 328 F.3d 244, 258-59 (6th Cir. 2003); *Johnson v. Ward*, 43 F. App'x 779, 782 (6th Cir. 2002) (holding that "[t]he right to be free from malicious prosecution 'must be asserted according to the Fourth Amendment'") (citation omitted);[6] *Gorcaj v. Medulla*, 51 F. App'x 158, 159 (6th Cir. 2002) (stating that "a section 1983 claim based on theories of false arrest, false imprisonment, and malicious prosecution stands on the Fourth Amendment"); *Brooks v. Rothe*, 577 F.3d 701, 706 (6th Cir. 2009) (stating that "[a] person who has been the victim of an unlawful arrest or wrongful seizure under the color of law has a claim based on the Fourth Amendment guarantee that government officials may not subject citizens to searches or seizures without proper authorization").

To prevail on a malicious prosecution claim under the Fourth Amendment, Fannon must demonstrate four elements, including the "lack of probable cause for the criminal prosecution" and that "the criminal proceeding . . . resolved in [his] favor." *Sykes v. Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010) (citations omitted). Section 1983 claims of false imprisonment and false arrest also "turn[] on the question of probable cause" and resolution of criminal proceedings in

---

[6] As set forth by the Sixth Circuit, "'the substantive component of the Fourteenth Amendment's Due Process Clause . . . may not serve as the basis for a § 1983 malicious prosecution claim.'" *Johnson*, 43 F. App'x at 782 (citing *Darrah v. City of Oak Park*, 255 F.3d 301 (6th Cir. 2001); *Albright v. Oliver*, 510 U.S. 266 (1994); *Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). Further, such a claim cannot properly be asserted "in terms of a violation of . . . substantive due process rights of the Fifth Amendment[.]" *Wilson v. City of Livermore*, 1 F. App'x 334, 337 (6th Cir. 2001). Finally, such claims are not properly asserted under the guise of an Eighth Amendment violation. *Bacon v. Patera*, 772 F.2d 259, 264 (6th Cir. 1985) (holding that "[i]t would require a tremendous expansion of [E]ighth [A]mendment doctrine to hold that simple misuse of the state's prosecutorial machinery constitutes the type of 'cruel and unusual punishment' that the [E]ighth [A]mendment was meant to prohibit").

plaintiff's favor. *See Gorcaj*, 51 F. App'x at 159; *see also Wolgast v. Richards*, 389 F. App'x 494, 501 (6th Cir. 2010) (citation omitted); *Gumble v. Waterford Twp.*, 171 F. App'x 502, 507 (6th Cir. 2006); *Parker v. Phillips*, 27 F. App'x 491, 493 (6th Cir. 2001) (noting that resolution of proceedings in plaintiff's favor is required to maintain a false imprisonment claim); *Douglas v. Swing*, No. 1:10-cv-14-HJW, 2011 WL 3497292, at *6 (S.D. Ohio Aug. 10, 2011) (finding that resolution in plaintiff favor is required to assert a false arrest claim). Significantly, a finding of guilt in the underlying criminal prosecution "estop[s] plaintiff[] from . . . asserting in federal court that the defendant police officers acted without probable cause." *Walker v. Schaeffer*, 854 F.2d 138, 142 (6th Cir. 1988) (noting that "[a] guilty finding in a criminal proceeding, whether by trial or plea, constitutes an absolute defense to an action for false arrest or false imprisonment") (alteration in original) (citation omitted).

Here, Fannon does not allege that any of the criminal proceedings resolved in his favor and, in fact, unequivocally states that the traffic and criminal proceedings against him ended in convictions as the result of guilty pleas. Doc. 28 at PageID 1196. Documents attached to Fannon's amended complaint, as well as public records,[7] all indicate that the remaining offenses against Fannon -- including the resisting arrest charge -- were dismissed at the request of the prosecutor at the time Fannon entered guilty pleas to the offenses of conviction. Doc. 30-1 at PageID 239-43. Based on the foregoing, Fannon fails to plausibly plead claims of malicious prosecution, false arrest or false imprisonment under § 1983. Accordingly, these claims must be dismissed as a matter of law.

---

[7] Again, this Court may consider matters of public record without converting a Rule 12 motion to dismiss into a Rule 56 motion for summary judgment. *Sykes*, 507 F. App'x at 457 (stating that, "[w]hen ruling on a motion to dismiss under Rule 12(b)(6), the court may consider public records and exhibits attached to the complaint without converting the motion to one for summary judgment under Federal Rule of Civil Procedure 56").

**B.**

Next, Plaintiff purports to assert a First Amendment retaliation claim alleging that the traffic citations issued against him were in retaliation for the complaint his parents filed against Kowalski in 2008. Doc. 28 at PageID 192-99. To succeed on a First Amendment retaliation claim, Fannon must show that: "(1) [he] engaged in constitutionally protected conduct; (2) an adverse action was taken against [him] that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated at least in part by [his] protected conduct." *Perkins v. Twp. of Clayton*, 411 F. App'x 810, 814 (6th Cir. 2011) (citations omitted).

Here, the Court first notes Fannon's allegation that his parents -- not himself -- made the complaint concerning Kowalski's conduct in 2008. Doc. 28 at PageID 193. For purposes of this motion, the Court finds that such allegation is sufficient to satisfy the first element of a First Amendment retaliation claim because Courts have concluded that:

> the First Amendment may also be violated where the speech that invoked the government's retaliatory response was not made by the plaintiff herself [or himself], but rather by a person in a close relationship with the plaintiff, and the government retaliated against the plaintiff for her [or his] perceived association with the other person and that person's speech.

*Lewis v. Eufaula City Bd. of Educ.*, 922 F.Supp.2d 1291, 1302-03 (M.D. Ala. 2012) (citations omitted). Accordingly, Fannon satisfactorily alleges the first element of a First Amendment retaliation claim.

However, despite apparent standing to assert a retaliation claim, Fannon's First Amendment retaliation claim must fail in light of the fact that he was convicted of certain offenses in the underlying traffic and criminal cases after entering guilty pleas in exchange for the dismissal of the remaining charges. As held by the Sixth Circuit, "[i]n most instances, a

8

negotiated plea will prevent, as a matter of law, a claim of retaliation under the First Amendment, just as such circumstances operate as to a claim for malicious prosecution." *Aliakbarkhananfjeh v. Schramm*, Nos. 97-3675, 97-3804, 1999 WL 801590, at *4 (6th Cir. Sept. 27, 1999). Only where "the alleged retaliatory charges bear no factual relationship to the charge of conviction" and has "no colorable basis in fact" will "a plea to an unrelated, reduced charge [not] . . . defeat a claim of retaliation under the First Amendment." *Id.*

Insofar as certain charges were dismissed at the request of the prosecution when Fannon entered guilty pleas to other charges, the amended complaint sets forth no factual allegations upon which the Court could conclude that the dismissed charges either bear no relationship to the charges of conviction or had no colorable basis in fact. Certainly, with regard to the dismissed traffic offenses, the Court could construe Fannon's allegation -- that he was not driving the vehicle at the time the traffic offenses were committed -- as an allegation that these dismissed offenses have no colorable basis in fact. However, Fannon necessarily admitted that he operated the vehicle when he entered a guilty plea to the charge of operating a vehicle without a valid license. *Cf. Jackim v. Sam's East, Inc.*, 378 F. App'x 556, 561 (6th Cir. 2010) (stating that, "'[a]s a general rule, a federal civil action brought under § 1983 is not a venue for re-litigating issues that were decided in a prior state criminal case'"); *see also Berger v. City of Cleveland*, No. 96-3281, 1997 WL 137381, at *3 (6th Cir. Mar. 25, 1997) (finding that Ohio "[s]tate court [criminal] litigation has a collateral effect in subsequent § 1983 litigation . . . as long as (1) the precise issue raised in the § 1983 action was actually litigated in state court; (2) the determination of the issue was necessary to the outcome in state court; (3) a final judgment on the merits was reached in state court; and (4) the party against whom estoppel is sought had a full and fair opportunity to litigate the issue in state court").

9

With regard to the dismissed resisting arrest charge, the factual allegations set forth by Fannon -- which the Court is required to accept as true for purposes of Defendants' motion to dismiss -- establish that he was "forcefully" taken into custody after he "refused to be arrested." Doc. 28 at PageID 196.  Such facts set forth a colorable basis supporting a resisting arrest charge[8] -- albeit perhaps not sufficient in and of itself to ultimately support a conviction.  *Cf. Gilles v. Garland*, 281 F. App'x 501, 506 (6th Cir. 2008) (stating that a colorable claim is "one that rises 'above the speculative level,' [and] one that is 'plausible on its face'").

Based on all of the foregoing, Fannon's First Amendment retaliation claim must be dismissed as a matter of law.

### C.

Next, Fannon asserts a claim under the Eighth and Fourteenth Amendments asserting cruel and unusual punishment.  Because Fannon asserts no post-conviction confinement, the Court construes this claim as one arising under the Fourteenth Amendment.  *See Bass v. Robinson*, 167 F.3d 1041, 1048-49 (6th Cir. 1999) (stating that "the State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law") (citing *Ingraham v. Wright*, 430 U.S. 651, 671 n. 40 (1977)); *see also Carl v. Muskegon Cnty.*, --- F.3d ---, No. 13-2296, 2014 WL 3973714, at *2 (6th Cir. Aug. 15, 2014) (stating that "[t]he Eighth Amendment protects prisoners from cruel and unusual punishment, and pretrial detainees are similarly protected under the Due Process Clause of the Fourteenth Amendment").

Here, Fannon's cruel and unusual punishment claim arises from his allegations of "retaliation, false arrest, false imprisonment and [malicious prosecution][.]"  Doc. 28 at PageID

---

[8] Ohio Rev. Code § 2921.33(A) states that "[n]o person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another."

10

203. Such allegations fail to state a cognizable Fourteenth Amendment claim of cruel and unusual punishment. *See Platte v. Otsego Cnty. Sheriff's Dept.*, No. 08-CV-15146, 2009 WL 1313260, at *9 (E.D. Mich. May 12, 2009) (finding that, "even if [plaintiff] were considered a pretrial detainee . . . he has not alleged any cruel or unusual conduct beyond simply being charged, arrested, and arraigned, which fails to state a claim").

Assuming, *arguendo*, that Fannon seeks to assert a Fourteenth Amendment cruel and unusual punishment claim based on some conduct of Defendants while in custody as a pretrial detainee, he sets forth no allegations that any Defendant engaged in any particular act against him while he was detained. As a result, Fannon's allegations fail to state a plausible claim upon which relief can be granted. Accordingly, Fannon's cruel and unusual punishment claim must be dismissed. *See Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) (stating that a complaint fails to state a claim for relief in the absence of allegations "'that particular defendants performed the acts that resulted in a deprivation of [plaintiff's] constitutional rights" because simply "'lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct'" fails "'to satisfy [the] minimum standard' that 'a complaint give each defendant fair notice of what the plaintiffs claim is and the ground upon which it rests'").

**D.**

Fannon also generally uses the term "conspiracy" throughout his amended complaint and appears to assert such a claim under §1983.[9] A civil conspiracy under § 1983 is "an agreement between two or more persons to injure another by unlawful action." *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007). To prevail on a § 1983 civil conspiracy claim, Fannon must show: (1) a "single plan" existed; (2) defendants "shared in the general conspiratorial objective" to deprive Fannon of his constitutional (or federal statutory) rights; and (3) "an overt act was committed in furtherance of the conspiracy that caused [him] injury." *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir. 1985). "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003) (citation omitted).

Fannon's amended complaint is devoid of any specificity in this regard and contains only "vague and conclusory allegations unsupported by material facts." *Spadafore*, 330 F.3d at 854. Not only does Fannon's amended complaint fail to set forth any factual allegations -- beyond mere conclusory assertions -- from which the Court could infer some conspiracy between two or more persons, Fannon also fails, as determined above, to adequately allege any deprivation of his

---

[9] Any conspiracy claim purportedly asserted under § 1985 must be dismissed. With regard to § 1985(1), the amended complaint makes no allegations regarding any conspiracy to prevent an officer from performing his or her duties. *See Moniz v. Cox*, 512 F. App'x 495, 500 n.2 (6th Cir. 2013). Similarly, Fannon fails to sufficiently state a claim under the first clause of § 1985(2) because there are no allegations of witness intimidation. The second clause of § 1985(2) "prohibits conspiracies to interfere with due process in state courts with the intent to deprive persons of their equal protection rights." *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006). To maintain a claim under the second clause of § 1985(2) or § 1985(3), Fannon must allege "both membership in a protected class and discrimination on account of it" -- which he does not. *Smithers ex rel. Norris v. City of Flint*, 602 F.3d 758, 766 (6th Cir. 2010) (citation omitted). Accordingly, the Court construes Fannon's conspiracy claims as claims appropriately alleged under § 1983.

12

constitutional rights.  Accordingly, the Court concludes that Fannon's amended complaint fails to state a conspiracy claim under § 1983.

### E.

Finally, Fannon appears to assert official capacity claims against Defendants, including the specific claim that Mayor Don Patterson failed to train the Defendant Kettering Police Officers.  "An official-capacity claim is equivalent to a claim against the entity that employs the defendants named in their official capacity."  *Ledbetter v. Bean*, No. 2:13-cv-00012, 2013 WL 1284324, at *3 (M.D. Tenn. Mar. 28, 2013) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)).

Municipal liability claims under § 1983 require Fannon to "demonstrate that the alleged federal violation occurred because of a municipal policy or custom."  *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citation omitted).  For municipal liability claims to survive dismissal, "a plaintiff must adequately plead (1) that a violation of a federal right took place, (2) that the defendants acted under color of state law, and (3) that a municipality's policy or custom caused that violation to happen."  *Bright v. Gallia Cnty., Ohio*, 753 F.3d 639, 660 (6th Cir. 2014) (citation omitted).  With regard to the policy and custom element, "[a] plaintiff can make a showing of an illegal policy or custom by demonstrating . . . the existence of a policy of inadequate training or supervision[.]"  *Burgess*, 735 F.3d at 478.

Here, Fannon's official capacity claims fail because he has not adequately plead the violation of any federal right.  Accordingly, his official capacity claims must be dismissed.

### F.

A liberal construction of Fannon's complaint also reveals potential state law causes of action for: (1) false arrest, false imprisonment and malicious prosecution; and (2) the intentional

13

infliction of emotional distress. Given the Court's conclusions above -- *i.e.*, that Fannon's federal claims merit dismissal -- the Court can decline to exercise supplemental jurisdiction over and hear the state law claims and, thus, dismiss them without prejudice. *See* 28 U.S.C. § 1367(c). Given that these state law claims each merit dismissal as well, however, the Court has elected, in the interest of justice, to reach the merits of these claims.

Fannon's state law claims asserting false arrest, false imprisonment and malicious prosecution must all fail for the same reasons his constitutional claims fail -- *i.e.*, because no charges were resolved in his favor, and his convictions establish the existence of probable cause. *Cf. Meakens v. Benz*, No. 1:11-CV-1280, 2012 WL 1424887, at *5 (N.D. Ohio Apr. 24, 2012). Furthermore, Fannon's intentional infliction of emotional distress claim must fail as a matter of law because mere arrest, detention and prosecution is not conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *See Voyticky v. Vill. of Timberlake, Ohio*, 412 F.3d 669, 678 (6th Cir. 2005) (concluding that "arrest and detention" is "routine conduct" that "does not approach the high standard adopted by the Ohio Supreme Court" to establish an intentional infliction of emotional distress claim).

Based on the foregoing, Fannon's state law claims must be dismissed for failure to state a claim upon which relief can be granted.

**IV.**

Courts have discretion in determining whether to dismiss a complaint or to allow plaintiff the opportunity to amend. *See U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 644 (6th Cir. 2003). In cases "where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court

dismisses the action with prejudice." *Id.* (citing *EEOC v. Ohio Edison Co.*, 7 F.3d 541, 546 (6th Cir. 1993)). Dismissal without allowing further amendments "may be appropriate . . . where there is ' . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'" *Id.* (citing *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002) (quoting *Foman v. Davis*, 371 U.S. 178 (1962))).

Here, the Court concludes that a more carefully drafted complaint may properly state the following claims: (1) First Amendment retaliation claim based upon unidentified conduct occurring during pretrial detainment; (2) a Fourteenth Amendment cruel and unusual punishment claim based on unidentified conduct occurring during pretrial detainment; and (3) an intentional infliction of emotional distress claim based upon unidentified conduct occurring during pretrial detainment. The Court makes this finding based on Fannon's representation -- in his response to the motion to dismiss -- that he suffered retaliation "while he was incarcerated." Doc. 32 at PageID 247.

Accordingly, the Court **GRANTS** Fannon leave to file a second amended complaint consistent with the foregoing within **FOURTEEN DAYS** from the entry of this Order on the Court's docket. The Court will proceed to review Fannon's second amended complaint thereafter. If no second amended complaint is filed within fourteen days, the Court will deem this case terminated with prejudice.

**V.**

Accordingly, the Court **GRANTS** Defendants' motion to dismiss, doc. 30, and *sua sponte* **GRANTS** Fannon leave to amend his complaint consistent with the foregoing.

**IT IS SO ORDERED.**

Date:   August 29, 2014                        *s/ Michael J. Newman*
                                               Michael J. Newman
                                               United States Magistrate Judge